**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CHIEF JUDGE WILEY Y. DANIEL**

---

| | | | |
|---|---|---|---|
| Date: | February 8, 2011 | Probation: | Lisa Pence |
| Courtroom Deputy: | Robert R. Keech | Interpreter: | N/A |
| E.C.R./Reporter: | Therese Lindblom | | |

---

Criminal Case No:  **10-cr-00090-WYD**          Counsel:

UNITED STATES OF AMERICA,                 Linda S. Kaufman
                                          Linda S. Kato

        Plaintiff,

v.

**1.  JAMES ROBERT SOYARS, JR.**,          Edward A. Pluss

        Defendant.

---

**SENTENCING**

---

**10:08 a.m.**   Court in Session - Defendant present (on-bond)

           **Change of Plea Hearing - Wednesday, October 27, 2010, at 3:00 p.m.**
           **Plea of Guilty - counts I and IV of Indictment**

           APPEARANCES OF COUNSEL.

           Court's opening remarks.

**10:09 a.m.**   Statement and argument on behalf of Defendant (Mr. Pluss).

**10:25 a.m.**   Statement on behalf of Defendant by his employer, Jim J. Revis.

**10:29 a.m.**   Statement and argument on behalf of Defendant (Mr. Pluss).

**10:30 a.m.**   Statement and argument on behalf of Government (Ms. Kaufman).

**10:46 a.m.**   Statement and argument on behalf of Defendant (Mr. Pluss).

10:51 a.m.      Statement by Defendant on his own behalf (Mr. Soyars).

11:10 a.m.      Statement on behalf of Government (Ms. Kaufman).

                Court makes findings.

**ORDERED:**    Defendant's Motion for Variance in the Guideline Sentence Pursuant to 18
                U.S.C. § 3553 (a) (doc. #33), filed January 19, 2011, is **DENIED.**

**ORDERED:**    Government's Motion Pursuant to U.S.S.G. § 3E1.1(b) (doc. #39), filed February
                3, 2011, is **GRANTED.**

                Order Granting Credit Pursuant to U.S.S.G. § 3E1.1(b) is **APPROVED BY THE
                COURT.**

**ORDERED:**    Defendant be **imprisoned** for **6** months on each of counts one and four, to be
                served concurrently.

**ORDERED:**    Upon release from imprisonment, defendant shall be placed on **supervised
                release** for a period of **3** years on each of counts one and four, to run
                concurrently.

**ORDERED:      Conditions** of **Supervised Release** are:

   (X)          Within 72 hours of release from the custody of the Bureau of Prisons, defendant
                shall report in person to the probation office in the district to which the defendant
                is released.

   (X)          Defendant shall not commit another federal, state or local crime.

   (X)          Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

   (X)          Defendant shall comply with standard conditions adopted by the Court.

   (X)          Defendant shall not unlawfully possess a controlled substance.

   (X)          The Defendant shall refrain from the unlawful use of a controlled substance and
                submit to one drug test within 15 days of release on supervised release and two
                periodic drug tests thereafter for use of a controlled substance.

   (X)          If the judgment in this case imposes a fine or restitution obligation, it shall be a
                condition of supervised release that the Defendant pay any such fine or
                restitution that remains unpaid at the commencement of the term of supervised
                release in accordance with the schedule of payments set forth in the judgment.

(X)     The defendant shall cooperate in the collection of D.N.A. as directed by the probation officer.

**ORDERED:**    **Special Condition(s)** of **Supervised Release** are:

(X)     The defendant shall work with the probation officer in development of a monthly budget that shall be reviewed with the probation officer quarterly.

(X)     As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

(X)     The defendant shall comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income taxes.  This includes resolution of any tax arrearages as well as continued compliance with federal and state laws regarding the filing of taxes.

(X)     The defendant shall submit to financial monitoring by, or at the direction of, the probation officer.

(X)     The defendant shall obtain and maintain approved employment or provide a verified means of income. If he is employed, the defendant will provide permission for the probation officer to contact the defendant's employer to discuss any and all aspects of his employment and the instant offense at any time.  If the defendant is eligible for disability income, the defendant shall provide permission for the probation officer to verify this income and have contact with the Department of Social Services as well as any doctor associated with the defendant's claim.

(X)     The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

(X)     The defendant shall not abate or dispose of asbestos or asbestos-containing waste materials or direct or supervise others in doing so.

(X)  The defendant shall be placed on home detention for a period of **6 months**, to commence within 21 days of sentencing.  During this period, the defendant shall remain at his place of residence at all times other than time spent at work or time spent on other activities approved in advance by the probation officer.  This period of home detention shall be enforced by electronic monitoring.  To permit this monitoring, the defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones.  The defendant shall wear electronic monitoring devices and follow all other procedures specified by the probation officer.  The defendant shall pay the cost of electronic monitoring as directed by the probation officer.

**ORDERED:**  Defendant to make **restitution** as follows:
     **$435,477.00 to be made payable to the following victim(s):**

| **Victims** | **Amount** |
|---|---|
| Public Storage | $435,477.00 |
| Financial Reporting Dept. | |
| Reference: CO prop# 21008 | |
| 701 Western Avenue | |
| Glendale, CA  91201 | |

**ORDERED:**  Defendant shall pay **$200.00** to **Crime Victim Fund** (Special Assessment) to be paid immediately.

**ORDERED:**  **No fine** is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision.

**ORDERED:**  The special assessment and restitution obligation are due immediately.  Any unpaid restitution balance shall be paid in monthly installment payments during the term of probation.  The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly wages.

**ORDERED:**  Defendant may surrender voluntarily as follows:  **Report to the designated institution on or before Monday, March 28, 2011, at 12:00 noon.**

**ORDERED:**  Defendant advised of right to appeal the sentence imposed by the Court.  Any notice of appeal must be filed within fourteen (14) days.  Defendant advised of right to appeal in forma pauperis.

**ORDERED:**  Government's Motion to Dismiss Counts (doc. #38), filed February 3, 2011, is **GRANTED.**

Order Dismissing Counts 2, 3, 5, 6, 7, 8, and 9 is **APPROVED BY THE COURT.**

The court finds that defendant **is not** likely to flee or be a danger to self or others and it is **ORDERED**:  **BOND CONTINUED.**

**11:23 a.m.**      Court in Recess - HEARING CONCLUDED

**TOTAL TIME:   1:15**