# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** <br> (For **Revocation of Supervised Release**) |
| v. | Case Number:  10-cr-00090-WYD-01 |
| | USM Number:  99546-179 |
| JAMES ROBERT SOYARS, JR. | Jack Paul Kaufman, Retained <br> (Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1 through 4, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Pay Fine/Restitution as Directed | 12/31/12 |
| 2 | Failure to Pay Fine/Restitution as Directed | 12/31/13 |

　　　The defendant is sentenced as provided in pages 3 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

　　　It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

　　　It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

November 20, 2014
Date of Imposition of Judgment

 s/ Wiley Y. Daniel
Signature of Judge

Wiley Y. Daniel, Senior U.S. District Judge
Name & Title of Judge

November 25, 2014
Date

DEFENDANT:  JAMES ROBERT SOYARS, JR.
CASE NUMBER:  10-cr-00090-WYD-01                                                            Judgment-Page 2 of 7

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Failure to Pay Fine/Restitution as Directed | 08/28/14 |
| 4 | Failure to Submit Written Reports | 08/31/14 |

DEFENDANT:  JAMES ROBERT SOYARS, JR.
CASE NUMBER:  10-cr-00090-WYD-01                                          Judgment-Page 3 of 7

## IMPRISONMENT

The defendant's supervised release was revoked and no custodial term of imprisonment was imposed.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  JAMES ROBERT SOYARS, JR.
CASE NUMBER:  10-cr-00090-WYD-01                                                                Judgment-Page 4 of 7

## SUPERVISED RELEASE

The defendant shall be on supervised release for a term of two (2) years.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

DEFENDANT:  JAMES ROBERT SOYARS, JR.
CASE NUMBER:  10-cr-00090-WYD-01                                                                    Judgment-Page 5 of 7

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1. Defendant shall work with the probation officer in development of a monthly budget that shall be reviewed with the probation officer quarterly.

2. Defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgements, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

3. Defendant shall comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income taxes. This includes resolution of any tax arrearages as well as continued compliance with federal and state laws regarding the filing of taxes.

4. Defendant shall submit to financial monitoring by or at the direction of, the probation officer.

5. Defendant shall obtain and maintain approved employment or provide a verified means of income. If he is employed, the defendant will provide permission for the probation officer to contact the defendant's employer to discuss any and all aspects of his employment and the instant offense at any time. If the defendant is eligible for disability income, the defendant shall provide permission for the probation officer to verify this income and have contact with the Department of Social Services as well as any doctor associated with the defendant's claim.

6. Defendant shall not incur new credit charges or open additional lines of credit with the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgement and sentence.

7. Defendant shall not abate or dispose of asbestos or asbestos-containing waste materials or direct or supervise others in doing so.

DEFENDANT:  JAMES ROBERT SOYARS, JR.
CASE NUMBER:  10-cr-00090-WYD-01                                                                Judgment-Page 6 of 7

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 through 4 | $200.00 | $0.00 | $435,477.00 |
| **TOTALS** | $200.00 | $0.00 | $435,477.00 |

[X]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or |
|---|---|---|---|
| Public Storage<br>Financial Reporting Dept.<br>Ref.: CO Prop. # 21008<br>701 Western Ave.<br>Glendale, CA 91201 | $435,477.00 | $435,477.00 | |
| **TOTALS** | $435,477.00 | $435,477.00 | |

DEFENDANT:  JAMES ROBERT SOYARS, JR.
CASE NUMBER:  10-cr-00090-WYD-01                                              Judgment-Page 7 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment and restitution obligation are due immediately.  Any unpaid restitution balance upon release from imprisonment shall be paid in monthly installment payments during the term of supervised release.  The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly wages.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.